GOULD, Circuit Judge,
concurring:
I concur in the memorandum disposition. But I do so with significant reservations because of what I consider an entirely improper jury voir dire conducted by the prosecutor. The record here did not show charges of violent conduct or use of firearms in the drug importing conspiracy. Importing ecstacy into the United States is a serious crime, but James entered this trial with a presumption of innocence until proven guilty beyond a reasonable doubt. Although I do not believe that the prosecutor acted in subjective bad faith, I can see no proper justification for introducing at voir dire the images of notorious mob boss John Gotti and murderous mob enforcer Sammy “The Bull” Gravano. The jury panel, as a result of the prosecutor’s questions, might have thought that James’s alleged crimes involved organized crime or violence comparable to mob executions, even though those things were not charged.
To my thinking, the prosecutor’s use of these images during jury voir dire was incorrect and threatened the fairness of trial. But, as the disposition explains, we must review for plain error because James’s counsel did not object to this questioning. Plain error review requires the defendant to show that a plain error prejudiced the outcome of the district court proceedings and “seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.” United States v. Marcus, — U.S. -, 130 S.Ct. 2159, 2164, 176 L.Ed.2d 1012 (2010) (internal quotations omitted). While this voir dire is close to the line of what I would consider so inflammatory as to preclude a fair trial, I conclude that in this direct appeal James did not meet his burden of showing prejudice sufficient to satisfy the plain error standard. However, this voir dire and the absence of objection by James’s counsel are a proper subject for an ineffective assistance of counsel claim in collateral proceedings under 28 U.S.C. § 2255.